UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE E. JACOBS,<br><br>    Plaintiff,<br><br>v.<br><br>CSR REPS, et al.,<br><br>    Defendants. | **CASE No. 1:16-cv-00791-DAD-MJS (PC)**<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND**<br><br>**(ECF No. 14)**<br><br>**THIRTY (30) DAY DEADLINE** |

    Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action brought pursuant to 42 U.S.C. § 1983. His complaint was dismissed for failure to state a claim, but he was given leave to amend. (ECF No. 8.) His first amended complaint is before the Court for screening.

**I.    Screening Requirement**

    The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous, malicious," or that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.     Pleading Standard

Section 1983 "provides a cause of action for the deprivation of any rights, privileges, or immunities secured by the Constitution and laws of the United States." Wilder v. Virginia Hosp. Ass'n, 496 U.S. 498, 508 (1990) (quoting 42 U.S.C. § 1983). Section 1983 is not itself a source of substantive rights, but merely provides a method for vindicating federal rights conferred elsewhere. Graham v. Connor, 490 U.S. 386, 393-94 (1989).

To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988); Ketchum v. Alameda Cnty., 811 F.2d 1243, 1245 (9th Cir. 1987).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Id. Facial plausibility demands more than the mere possibility that a defendant committed misconduct and, while factual allegations are accepted as true, legal conclusions are not. Id. at 677-78.

## III.    Plaintiff's Allegations

Plaintiff is incarcerated at the California Substance Abuse Treatment Facility ("SATF") but complains of acts that occurred at California State Prison – Corcoran. He names the following defendants: (1) Warden Dave Davey, (2) Correctional Sergeant

Alvarado, (3) Doe 1, Classification Staff Representative ("CSR"), and (4) Doe 2, Classification and Parole Rep ("C&PR").

Plaintiff's allegations are somewhat difficult to understand but it appears they may fairly be summarized essentially as follows:

Beginning in 2012, Corcoran officials began to make false allegations that Plaintiff had safety and security concerns.[1] Since that time, Plaintiff has continually denied that he has such concerns.

At some point, Plaintiff was placed on Administrative Segregation ("AdSeg") status by Sergeant Alvarado. However, Plaintiff was not immediately placed in the AdSeg unit, apparently because he was hospitalized.

On March 11, 2016, Plaintiff was discharged from the hospital pending transfer to an outpatient medical institution. Plaintiff was designated as "high risk medical status" due to an upper right humerus bone fracture and radial nerve palsy that paralyzed his right arm and hand. However, instead of being transferred to a medical institution, he was placed in AdSeg based on a report from Alvarado that Plaintiff had safety concerns with the "Bloods" security threat group. These reports were false.

In April 2016, Plaintiff spoke with Defendant Davey in passing. According to Plaintiff, Davey stated that he knew Plaintiff did not have safety concerns.

Plaintiff was denied an Institutional Classification Committee ("ICC") hearing for months. On May 3, 2016, he underwent an ICC hearing. Defendant Davey attended. The ICC found that there was no basis for the reported safety and security threats involving Plaintiff. The ICC elected to release Plaintiff to the general population pending transfer to SATF or High Desert State Prison ("HDSP").

On May 4, 2016, Plaintiff filed an emergency appeal challenging the ICC's decision in refusing to send Plaintiff to an outpatient medical facility as ordered by his

---

[1] The events of 2012 do not appear to be the basis for Plaintiff's complaint and appear to constitute background to the instant allegations.

3

doctor. According to Plaintiff, SATF and HDSP are not equipped to handle his medical needs.

Plaintiff believes his transfer to a medical facility was canceled due to his emergency appeal. He claims that Alvarado told him this was so. However, Plaintiff also was told by a Correctional Counselor that his medical transfer was cancelled by CSR Doe 1 due to other false information regarding Plaintiff.

C&PR Doe 2 signed off on the cancelation but should have known that the reasons for the transfer were "insufficient, inadequate, and untrue."

Plaintiff remained in AdSeg for a month with a broken arm and without being operated upon.

Plaintiff seeks money damages and declaratory and injunctive relief.

## IV. Analysis

### A. Fourteenth Amendment Due Process

The Due Process Clause protects prisoners from being deprived of liberty without due process of law. Wolff v. McDonnell, 418 U.S. 539, 556 (1974). In order to state a cause of action for deprivation of procedural due process, a plaintiff must first establish the existence of a liberty interest for which the protection is sought. Liberty interests may arise from the Due Process Clause itself or from state law. Hewitt v. Helms, 459 U.S. 460, 466 (1983). The Due Process Clause itself does not confer on inmates a liberty interest in being confined in the general prison population instead of segregation. See id. at 466-68. Liberty interests created by state law are limited to freedom from restraint which "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995).

Assignment to the SHU is an administrative measure rather than a disciplinary measure and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). To satisfy due process, the administrative segregation process must include an informal non-adversary hearing within a reasonable time after being segregated, notice

of the charges or the reasons segregation is being considered, and an opportunity for the inmate to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir.1986), overruled on other grounds by Sandin v. Connor, 515 U.S. 472, 481 (1995).

The administrative determination also must meet the "some evidence" standard of Superintendent v. Hill, 472 U.S. 445, 455 (1985). Bruce, 351 F.3d at 1287-88. Because the standard for "some evidence" is not high, a court need only decide whether there is any evidence at all that could support the prison officials' administrative decisions. Id. at 1287-88. A reviewing court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence." Id. at 1287. However, the evidence supporting the administrative determination must bear "some indicia of reliability." Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (citations omitted).

Plaintiff alleges that he was placed in Administrative Segregation on March 11, 2016, and underwent a hearing regarding the placement on May 3, 2016. These allegations may be sufficient to allege that Plaintiff was not provided a hearing within a reasonable time after being segregated. However, Plaintiff has not alleged any facts to suggest who was responsible for the delay in providing a hearing. See Iqbal, 556 U.S. at 676-77 (Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights). Although he was placed on AdSeg status by Alvarado, it is not clear whether Alvarado actually placed Plaintiff in AdSeg upon his hospital discharge, or even knew that Plaintiff was confined in AdSeg absent an ICC hearing. Plaintiff will be given leave to amend to identify the person responsible for the delay.

To the extent Plaintiff wishes to bring a claim against Defendant Alvarado merely for falsely reporting safety concerns, he fails to state a claim. Plaintiff does not have a constitutional right to an accurate prison record or to be free from false accusations. See Hernandez v. Johnston, 833 F.2d 1316, 1319 (9th Cir. 1987) (independent right to accurate prison record has not been recognized); Solomon v. Meyer, No. 11-cv-02827-JST (PR), 2014 WL 294576, at *2 (N.D. Cal. Jan. 27, 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges."); Johnson v.

Felker, No. 1:12-cv-02719 GEB KJN (PC), 2013 WL 6243280, at *6 (E.D. Cal. Dec. 3, 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a report does not give rise to a claim under section 1983.") (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989) and Freeman v. Rideout, 808 F.2d 949, 951-53 (2d. Cir. 1986)). Instead, Plaintiff's protection from the arbitrary action of prison officials lies in the procedural due process requirements set forth above. C.f. Ellis v. Foulk, No. 14-cv-0802 AC P, 2014 WL 4676530, at *2 (E.D. Cal. Sept. 18, 2014) (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Toscano v. Lewis, No. C-12-5893 EMC PR, 2013 WL 1632691, at *6 (N.D. Cal. Apr. 16, 2013) (citing Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989); Freeman, 808 F.2d at 951; and Hanrahan v. Lane, 747 F.2d 1137, 1140–41 (7th Cir.1984)). Again, Plaintiff fails to link Defendant Alvarado to a deprivation of these procedural protections.

### B. Medical Indifference

The Eighth Amendment's Cruel and Unusual Punishments Clause prohibits deliberate indifference to the serious medical needs of prisoners. McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). A claim of medical indifference requires (1) a serious medical need, and (2) a deliberately indifferent response by defendant. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). The deliberate indifference standard is met by showing (a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference. Id. Where a prisoner alleges deliberate indifference based on a delay in medical treatment, the prisoner must show that the delay led to further injury. See Hallett v. Morgan, 296 F.3d 732, 745-46 (9th Cir. 2002); McGuckin, 974 F.2d at 1060a; Shapley v. Nevada Bd. Of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985) (per curiam). Delay which does not cause harm is insufficient to state a claim of deliberate medical indifference. Shapley, 766 F.2d at 407 (citing Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

"Deliberate indifference is a high legal standard." Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" Id. at 1057 (quoting Farmer v. Brennan, 511 U.S. 825, 837 (1994)). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" Id. (brackets omitted) (quoting Gibson, 290 F.3d at 1188). Mere indifference, negligence, or medical malpractice is not sufficient to support the claim. Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S. 87, 105-06 (1976)). A prisoner can establish deliberate indifference by showing that officials intentionally interfered with his medical treatment for reasons unrelated to the prisoner's medical needs. See Hamilton v. Endell, 981 F.2d 1062, 1066 (9th Cir. 1992); Estelle, 429 U.S. at 105.

Plaintiff's allegation of a broken humerus and paralysis is sufficient to state a serious medical need. Jett, 439 F.3d at 1096 (a "serious medical need" may be shown by demonstrating that "failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain'"); McGuckin, 974 F.2d at 1059-60 ("The existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment."). However, he fails to allege sufficient facts to suggest that any of the Defendants were deliberately indifferent to that need.

Plaintiff complains that he was discharged from the hospital to AdSeg, rather than to a medical facility. However, he does not identify the person responsible for his placement following discharge.

He complains that the ICC endorsed him to SATF or HDSP rather than a medical facility. However, he does not name the members of the ICC as Defendants. Nor is it

clear what information, if any, was presented to the ICC regarding Plaintiff's medical needs or his need for medical housing. For the same reason, Plaintiff's allegations against Defendant Davey are deficient.

Plaintiff alleges that Doe 1 cancelled his medical transfer. However, it is unclear that any medical transfer actually was ordered, given that Plaintiff also states he was endorsed by the ICC to the general population pending transfer to a non-medical facility. It therefore is unclear whether Doe 1 had any information regarding Plaintiff's medical needs. This is also true of Doe 2, who signed off on the transfer.

Plaintiff does not allege that he was harmed as a result of his transfer to a non-medical facility. Absent a showing of harm resulting from the Defendants' decisions, Plaintiff is unable to state a claim on this basis.

Lastly, Plaintiff alleges he remained in AdSeg for one month without receiving surgery. However, he does not identify anyone responsible for this decision, or anyone who was aware of his need for surgery but failed to act.

Plaintiff will be given leave to amend.

**C.    First Amendment Retaliation**

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2005).

The second element focuses on causation and motive. See Brodheim v. Cry, 584 F.3d 1262, 1271 (9th Cir. 2009). A plaintiff must show that his protected conduct was a "'substantial' or 'motivating' factor behind the defendant's conduct." Id. (quoting Sorrano's Gasco, Inc. v. Morgan, 874 F.2d 1310, 1314 (9th Cir. 1989). Although it can be difficult to establish the motive or intent of the defendant, a plaintiff may rely on circumstantial evidence. Bruce v. Ylst, 351 F.3d 1283, 1289 (9th Cir. 2003) (finding that

a prisoner established a triable issue of fact regarding prison officials' retaliatory motives by raising issues of suspect timing, evidence, and statements); Hines v. Gomez, 108 F.3d 265, 267-68 (9th Cir. 1997); Pratt v. Rowland, 65 F.3d 802, 808 (9th Cir. 1995) ("timing can properly be considered as circumstantial evidence of retaliatory intent").

In terms of the third prerequisite, filing a grievance is a protected action under the First Amendment. Valandingham v. Bojorquez, 866 F.2d 1135, 1138 (9th Cir. 1989).

With respect to the fourth prong, "[it] would be unjust to allow a defendant to escape liability for a First Amendment violation merely because an unusually determined plaintiff persists in his protected activity . . . ." Mendocino Envtl. Ctr. v. Mendocino Cnty., 192 F.3d 1283, 1300 (9th Cir. 1999). The correct inquiry is to determine whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities. Rhodes, 408 F.3d at 568-69 (citing Mendocino Envtl. Ctr., 192 F.3d at 1300).

With respect to the fifth prong, a prisoner must affirmatively allege that "'the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution or was not tailored narrowly enough to achieve such goals." Rizzo v. Dawson, 778 F.2d 527, 532 (9th Cir. 1985).

Plaintiff alleges that Does 1 and 2 retaliated against him for filing a 602 by cancelling his transfer to a medical facility. However, it does not appear that any medical transfer ever was ordered. Rather, it appears Plaintiff is challenging the decision to transfer him to a regular prison, rather than a medical facility. Regardless, however, his allegations fail to state a claim. Plaintiff alleges that the ICC endorsed him to the general population pending transfer to SATF or HDSP. This occurred prior to Plaintiff's filing of an emergency appeal (and in fact formed the basis for his appeal). He does not name members of the ICC as Defendants, nor could he allege a retaliation claim against them as their conduct preceded his protected conduct.

Plaintiff then alleges that Does 1 and 2 approved of the transfer recommended by the ICC. The fact that these Defendants merely approved the action taken by the ICC

belies Plaintiff's claim that they acted with retaliatory animus. Indeed, Plaintiff alleges that they were motivated by other, false information regarding Plaintiff.

Plaintiff does not state a cognizable retaliation claim. He will be given leave to amend.

**V.   Conclusion and Order**

Plaintiff's first amended complaint does not state a cognizable claim for relief.

The Court will grant Plaintiff **one final opportunity** to file an amended complaint to cure noted defects. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff chooses to amend, he must demonstrate that the alleged acts resulted in a deprivation of his constitutional rights. Iqbal, 556 U.S. at 677-78. Plaintiff must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 555). Plaintiff should note that although he has been given the opportunity to amend, it is not for the purposes of adding new claims. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff should carefully read this screening order and focus his efforts on curing the deficiencies set forth above.

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-677. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supersedes the prior complaint, see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a blank civil rights complaint form and copies of his first amended complaint (ECF No. 14);

2. Within thirty (30) days from the date of service of this order, Plaintiff must file a second amended complaint curing the deficiencies identified by the Court in this order, or a notice of voluntary dismissal; and

3. If Plaintiff fails to comply with this order, the undersigned will recommend that this action be dismissed for failure to obey a court order, failure to prosecute, and failure to state a claim, subject to the "three strikes" provision set forth in 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

Dated:  December 18, 2016                    /s/ *Michael J. Seng*
                                             UNITED STATES MAGISTRATE JUDGE